NOT DESIGNATED FOR PUBLICATION

No. 129,156

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CAROL LOUISE SLATON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY GETTLER, judge. Submitted without oral argument. Opinion filed August 7, 2026. Appeal dismissed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BOLTON FLEMING, P.J., HILL and GARDNER, JJ.

PER CURIAM: In this appeal, we are asked to consider whether the district court erred in revoking Carol Louise Slaton's probation and ordering her to serve her prison sentence. But we need not reach that issue on its merits because Slaton has been released from prison, and we find that it has been "clearly and convincingly shown that the actual controversy has ended, [and] that the only judgment that could be entered would be ineffectual for any purpose." *State v. Roat*, 311 Kan. 581, Syl. ¶ 1, 466 P.3d 439 (2020). Thus, this matter is moot, and the appeal is dismissed.

1

FACTUAL AND PROCEDURAL BACKGROUND

Carol Slaton pled no contest to burglary. She received a 16-month suspended sentence, 24 months' probation, and 12 months' postrelease supervision. Later, the State filed a motion alleging Slaton had violated her probation. The district court agreed, ordered a 60-day jail sanction, and extended Slaton's probation for 24 months.

After being released from her jail sanction, Slaton continued to commit probation violations, and as a result, her Intensive Supervision Officer (ISO) ordered three separate jail sanctions without court involvement. Later, the State filed another motion to formally revoke Slaton's probation. Slaton admitted she had violated some of the terms of her probation. The district court revoked Slaton's probation and ordered her to serve her prison sentence. Slaton served her prison sentence and was released from custody on February 3, 2026.

ANALYSIS

On appeal, Slaton argues that the district court erred by revoking Slaton's probation without exhausting the graduated sanctions scheme found at K.S.A. 22-3716(c). Slaton argues that according to the graduated sanctions scheme, a prior 2-3 day quick-dip sanction must be ordered by the district court and not an ISO, citing *State v. McRoberts*, 65 Kan. App. 2d 481, 489-95, 567 P.3d 905 (2025). Slaton argues the district court erred by counting a quick-dip sanction from Slaton's ISO as satisfying the graduated sanctions scheme found at K.S.A. 22-3716(c). It is Slaton's position that the earlier 60-day sanction ordered by the court did not satisfy the graduated sanctions requirement.

*Mootness*

The State filed a notice of change in custody in this case on April 6, 2026, indicating Slaton was released from custody after fully completing her sentence on February 3, 2026. The State argues that the question of whether the district court erred in revoking Slaton's probation was rendered moot by the completion of her sentence.

In response, Slaton argues that an appeal is moot only when it is "clearly and convincingly shown that the actual controversy has ended, [and] that the only judgment that could be entered would be ineffectual for any purpose." *Roat*, 311 Kan. 581, Syl. ¶ 1.

*Standard of Review*

An appellate court's review of mootness is de novo. *Roat*, 311 Kan. 581, Syl. ¶ 3. The State, as the party asserting mootness, bears the initial burden of establishing a prima facie showing of mootness. 311 Kan. at 593. The burden then shifts to Slaton "to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593. Here, the State has met its burden to establish a prima facie showing of mootness by filing a notice in change of custody. Slaton does not contest the fact she has been released from prison; rather, she argues that her remaining postrelease supervision prevents her appeal from being moot. Thus, the burden shifts to Slaton to demonstrate under Kansas law why her appeal is not moot.

*Discussion*

We pause here to note recent developments regarding the application of the mootness doctrine in Kansas. In *State v. Phipps*, 320 Kan. 616, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025, the Kansas Supreme Court overruled *Roat*'s mootness analysis and held that mootness is a jurisdictional bar to appellate review. However,

because the court has granted rehearing in *Phipps*, the decision is effectively suspended. See Supreme Court Rule 7.06(c) (2026 Kan. S. Ct. R. at 51). Accordingly, we proceed under *Roat*'s governing framework.

In deciding whether Slaton's case is moot, we consider whether "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *Roat*, 311 Kan. at 584 (quoting *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 [2012]). "'Generally, Kansas appellate courts do not decide moot questions or render advisory opinions.'" *Roat*, 311 Kan. at 590 (quoting *State v. Bennett*, 288 Kan. 86, 89, 200 P.3d 455 [2009]).

Slaton makes two points in support of her argument that her appeal is not moot. First, Slaton argues the State has failed to make a prima facie case for mootness because it has failed to show she "has fully completed the terms and conditions of . . . her sentence." See *Roat*, 311 Kan. 581, Syl. ¶ 6. Slaton contends that postrelease is part of a sentence, citing K.S.A. 21-6804(e)(2) and *State v. Mossman*, 294 Kan. 901, 907, 281 P.3d 153 (2012), and that a sentence cannot be completed for purposes of mootness until a defendant's postrelease supervision term has been completed. She reasons that because her sentence is not fully completed, her case cannot be moot.

Slaton is correct that her term of postrelease supervision is part of her sentence. See K.S.A. 21-6804(e)(2); *Mossman*, 294 Kan. at 907. In *Mossman*, the Kansas Supreme Court concluded that lifetime postrelease supervision does not constitute cruel and unusual punishment under the Kansas and United States Constitutions. The court considered whether Mossman's claim was ripe and concluded that because Mossman "will not enjoy all of the rights and privileges of an individual who is not supervised and will have to comply with some restrictions on his freedom," his case was ripe to be heard. 294 Kan. at 907-08. Mootness was not at issue, and Mossman's postrelease term was for

4

his lifetime. Here, our issue is mootness, and Slaton's postrelease term was the minimum provided for by law—12 months.

When considering mootness in a case such as Slaton's where the only unserved portion of the sentence is postrelease supervision, the question is whether the appealed issue affects the mandatory term of postrelease supervision. See *State v. Castle*, 59 Kan. App. 2d 39, 48, 477 P.3d 266 (2020).

> "A person on postrelease supervision is still 'under a sentence.' *State v. Lehman*, 308 Kan. 1089, 1098, 427 P.3d 840 (2018). But the fact that Castle is on postrelease supervision does not keep his appeal challenging his criminal history score from being moot because a defendant's criminal history score does not affect the mandatory term of postrelease supervision." *Castle*, 59 Kan. App. 2d at 48.

Similarly, in *State v. Ludes*, No. 114,287, 2016 WL 6024640, at *3 (Kan. App. 2016) (unpublished opinion), Ludes argued that because she was under postrelease supervision, her sentence was not complete, and mootness should not preclude her appeal.

The panel concluded:

> "We do not agree with Ludes that the mere fact of being on postrelease supervision necessarily saves Ludes' appeal from being moot. Our cases demonstrate this is not so. See *State v. Nicolaides*, No. 114,239, 2016 WL 3856612, at *3 (Kan. App. 2016) (unpublished opinion) (finding defendant's probation revocation appeal moot where defendant had been released from imprisonment but was still on postrelease supervision); *State v. Her*, No. 112,815, 2016 WL 3365755, at *4. (Kan. App. 2016) (unpublished opinion) (finding defendant's challenge to his criminal history moot because defendant had served the prison portion of his sentence and resentencing could not affect his postrelease supervision); *Dunn v. State*, No. 104,853, 2011 WL 2206640, at *1 (Kan. App. 2011) (unpublished opinion) (finding Dunn's claim that the State breached the plea

5

agreement moot because Dunn had completed the prison aspect of his sentence although he was still on postrelease supervision)." 2016 WL 6024640, at *3.

Slaton's argument is that the district court erred in ordering her to serve her sentence as the result of a probation violation without a prior court-ordered sanction. She has since completed serving her sentence, and the only portion of her sentence that remains is postrelease supervision.

Postrelease supervision related to Slaton's burglary conviction is controlled by K.S.A. 22-3717(d)(1)(C), which requires a mandatory term of 12 months. Even if Slaton was successful on the merits of her appeal, the term of her postrelease supervision would not be impacted because Slaton received the minimum statutory term of postrelease supervision under the law—12 months.

Second, Slaton argues that if she is successful on appeal, "the district court could still give Carol precisely what she asked for in May of 2025, by terminating her probation and relieving her from any further reporting obligations in this case." But Slaton has completed her sentence and cannot be placed back on probation. *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018). "In sum, because Kinder's sentence of confinement already has been served, there can be no sentence to be suspended. And if there is no sentence, it obviously cannot be exchanged for probation. See *Carr*, 274 Kan. at 451 (probation is a disposition alternate to the serving of a sentence)." *Kinder*, 307 Kan. at 243.

Slaton also argues in her brief that the district court judge could terminate her postrelease supervision. Slaton points out that "[p]ostrelease only kicks in when probation is revoked, not when it is terminated. K.S.A. 22-3716(f)." She reasons that if her case were reversed and remanded, the district court might terminate her probation, which could result in releasing her from postrelease supervision. But Slaton's argument is

6

without merit because there is no probation term remaining for the district court to terminate. And pursuant to K.S.A. 22-3717(d)(1), "[p]ersons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but *will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence* as follows. . . ." (Emphasis added.) There is no question Slaton has completed the prison portion of her sentence and is subject to mandatory postrelease supervision.

We find under *Roat* that Slaton's appeal is moot because it has been "clearly and convincingly shown that the actual controversy has ended, [and] that the only judgment that could be entered would be ineffectual for any purpose." *Roat*, 311 Kan. 581, Syl. ¶ 1. Even if Slaton was successful in her appeal, she would receive no remedy.

Appeal dismissed.